UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR SUMERLIN,

       Petitioner,                      Civil No. 09-CV-10459
                                            Honorable George Caram Steeh

   v.

BLAINE LAFLER,

       Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION
## FOR RELIEF FROM JUDGMENT [Dkt. # 13]

Before the court is Petitioner's motion for relief from judgment. On June 6, 2011, this Court issued an opinion and order denying the petition for a writ of habeas corpus. In part, the Court found that some of the Petitioner's claims were barred from review because Petitioner had defaulted them under Michigan Court Rule 6.508(D)(3). Petitioner's motion asserts that he did not default his claims.

Rule 60(b) allows a party relief from judgment, order or other proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence, that, with reasonable diligence, could have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Petitioner moves for relief from judgment pursuant to Rule 60(b)(6), which may be used to relieve a party from judgment only in extraordinary circumstances which are not addressed by the first five subsections of Rule 60(b). *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F. 3d 465, 468 (6th Cir. 2007). The Sixth Circuit has stated that: "Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present. The something more . . . must include unusual and extreme situations where principles of equity mandate relief." *Id.* (internal citations and quotations omitted).  Petitioner's arguments do not demonstrate that an unusual or extreme situation exists that warrants relief from judgment.

Petitioner's motion asserts that the trial court adjudicated the claims raised in state post-conviction review motion on the merits. He argues that the claims were therefore not defaulted under the authority of  *Guilmette v. Howes*, 624 F.3d 286, 291-92 (6th Cir. 2010) (en banc). Under *Guilmette*, a habeas court must "look through" the unexplained orders of the Michigan Court of Appeals and Michigan Supreme Court to the state trial court's decision to determine the basis for the denial

of state post-conviction relief. If the trial court's decision was based on the merits, then the claims raised in the motion for relief from judgment are not procedurally defaulted. *Id.* However, if the trial court relied on a procedural basis for denying relief, such as a defendant's failure to satisfy the "good cause and actual prejudice" standard of Rule 6.508(D)(3), then review of the claims raised in the motion are barred from review. See *McFarland v. Yukins*, 356 F.3d 688, 697-98 (6th Cir. 2004).

Here, the state trial court found that the claims were barred from review:

> Defendant has not shown "good cause" under Michigan Court Rule 6.508(D)(3) as to why the issues presented in this motion were not previously raised on appeal. Further, he has not proven actual prejudice.

Opinion and Order Denying Motion for Relief from Judgment, at 4. Consistent with *Guilmette*, brief references like this by a state trial court to a Petitioner's failure to show "good cause" under Rule 6.508(D)(3) have routinely and correctly been interpreted as the invocation of a procedural default. See, e.g., *Miller v. Romanowski*, 2013 U.S. Dist. LEXIS 90292 ( E.D. Mich. June 27, 2013); *Feliciano v. McKee*, 2013 U.S. Dist. LEXIS 72873 ( E.D. Mich. May 23, 2013); *Bentley v. Howes*, 2013 U.S. Dist. LEXIS 70715 ( E.D. Mich. May 20, 2013); *Slusser v. Wolfenbarger*, 2013 U.S. Dist. LEXIS 59714 ( E.D. Mich. Apr. 26, 2013); *Daniels v. Palmer*, 2013 U.S. Dist. LEXIS 57767 ( E.D. Mich. Apr. 23, 2013).

Accordingly, Petitioner's arguments do not demonstrate that an unusual or extreme situation exists that warrants relief from judgment.

Based upon the foregoing, **IT IS HEREBY ORDERED** that Petitioner's Motion for Relief From Judgment [Dkt. # 13] is **DENIED**.

Dated: July 23, 2013

s/George Caram Steeh<br>GEORGE CARAM STEEH<br>UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 23, 2013, by electronic and/or ordinary mail and also to Arthur Sumerlin #498164, Ryan Correctional Facility, 17600 Ryan Road, Detroit, MI 48212.

s/Barbara Radke
Deputy Clerk